UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIGHT, et. al,<br><br>        Defendants. | Case No.: 1:11-cv-01814 - JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1). |

       Plaintiff William J. Stewart ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in an action pursuant to 42 U.S.C. § 1983. (Doc. 1 and 5).  Pending before the Court is Plaintiff's complaint filed on October 31, 2011. (Doc. 1).  Plaintiff names as defendants to this matter: 1) Dr. Bright, 2) Dr. M. Sepulveda, 3) Dr. Gerald Ellis, 4) Registered Nurse Fox, and 5) The Federal Receiver (Medical) (collectively "Defendants").  As is required, the Court screens the complaint, and for the reasons set forth below, the Court **ORDERS** that Plaintiff's complaint be **DISMISSED with leave to amend.**

I.      **SCREENING REQUIREMENT**

       Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous."  A claim is frivolous "when the facts alleged rise to the level of the

1

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING STANDARDS

### A. Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure set forth the general rules for pleading. A pleading that states a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 556 U.S. at 667 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. Id.

However, conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### B.  42 U.S.C § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.   THE COMPLAINT

Plaintiff alleges that at some point he was housed at Salinas Valley State Prison ("SVSP"). (Doc. 1 at 3). Plaintiff is sixty-six years old, suffers from congestive heart failure, and confined to a wheelchair due to a "below the knee amputation of the right leg." Id. He experiences numbness in his right leg and left toe, and pain in his left leg. Id. Plaintiff avers that he is disabled pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102. Id.

On August 27, 2010, and October 1, 2010, Defendant Bright examined Plaintiff. Id. Plaintiff avers that Defendant Bright denied Plaintiff's request to be transferred to the California Medical Facility ("CMF") and Plaintiff's requests for showering and feeding assistance. Id. At some point,[1] however, Defendant Bright assigned Defendant Fox, who is a registered nurse, to assist Plaintiff in obtaining a prosthetic leg. Id. Defendant Fox failed to locate a prosthetic leg for Plaintiff. Id.

On a subsequent date to Defendant Bright's October 1, 2010, meeting with Plaintiff, Defendant M. Sepulveda, M.D., reviewed Plaintiff's medical file. Id. Defendant Sepulveda agreed with the "contrary decision of Dr. Bright, Nurse Fox – Gerald Ellis[,] chief [e]xecutive officer and the federal

---

[1] Plaintiff does not provide the dates on which Defendants Fox, Ellis, Sepulveda or the Federal Receiver's alleged actions occurred.

[r]eceiver." Id.

## IV. DISCUSSION

### A. The complaint fails to state a claim for failure to provide inadequate medical care.

Though Plaintiff does not specifically claim a violation of the Eighth Amendment, he does claim that he has been "denied proper medical care." (Doc. 1 at 3) However, to establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

As a preliminary matter, the Court notes that Plaintiff states facts that indicate he has serious medical needs, such as his congestive heart failure and pain and numbness in his lower extremities. However, Plaintiff does not indicate how Defendants caused any harm to Plaintiff.

4

Second, Plaintiff does not state any facts that would demonstrate Defendants acted with "deliberate indifference" to his medical condition. Plaintiff's claim that Defendant Fox failed to locate a prosthetic leg is, at most, a claim of negligence that is not cognizable under 42 U.S.C. §1983.[2] As to Defendants Sepulveda, Ellis, and the Federal Receiver, Plaintiff avers that they agreed with a "contrary decision." This claim is a little unclear but the Court presumes that Plaintiff is asserting that these Defendants agreed with Dr. Bright's actions including his refusal to find that Plaintiff was qualified for a particular ADA accommodation. At most, Plaintiff's claim demonstrates a difference of opinion between physician and patient, which is not actionable before this Court. Therefore, the Court **DISMISSES** Plaintiff's Eighth Amendment claim that Defendants failed to provide adequate medical care.

### B. There is no constitutional right to have an administrative grievance handled in a particular manner.

Here, it appears that Plaintiff seeks a cause of action against Defendant Sepulveda and the Medical Receiver for the manner in which Plaintiff's medical grievance was reviewed. However, inmates have "no legitimate claim[s] of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1989). No due process rights exist as to the handling of an inmate's administrative grievance in a particular manner. Gonzalez v. Mullen, 446 Fed.Appx. 17, 18 (9th Cir. 2011). Thus, the Court may properly dismiss complaint where the complaint is based on the defendant's particular handling of an administrative grievance procedure. *See* Gonzalez, 446 Fed.Appx. at 18.

Therefore, to the extent Plaintiff asserts a claim against Defendant Sepulveda and the Medical Receiveer – or against any other Defendant – for the manner in which his medical grievance was reviewed, Plaintiff's complaint is **DISMISSED**.

### C. Plaintiff fails to state a cognizable claim under the ADA.

The United States Supreme Court has held that Title II of the ADA, 42 U.S.C. § 12131 *et seq*., which prohibits "public entities" from discriminating against individuals with disabilities because of

---

[2] Moreover, exactly how the failure to locate a prosthetic limb demonstrates deliberate indifference to Plaintiff's medical condition, is not explained.

their disability, applies to state prisons and prisoners. *See* Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 (1998)("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage"). A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010). The ADA does not provide a remedy for inadequate medical treatment of a disability. Simmons, 609 F.3d at 1022.

It is clear that Plaintiff alleges he is an individual with a disability. However, Plaintiff complains that he was provided inadequate medical care, which is not actionable under the ADA. Simmons, 609 F.3d at 1022. On the other hand, Plaintiff does not indicate that he was disqualified or excluded from a particular program because of his disability. Rather, Plaintiff complains that the Defendants would not medically determine that he was qualified for such ADA accommodations as feeding and showering based on his medical records. However, as noted above, Plaintiff fails to provide factual support for his conclusion that he entitled to these accommodations. Thus, the Court **DISMISSES** Plaintiff's complaint for failure to state a cognizable claim under the ADA.

### D. The Medical Receiver is Entitled to the Protections of Quasi-Judicial Immunity

Quasi-judicial immunity stems from the long-recognized common law doctrine of judicial immunity. Curry v. Castillo, 297 F.3d 940, 947 (9th Cir.2002). Partly to promote the use of the appellate process, acts performed by judges that relate to the judicial process are immune from attack. Id. Quasi-judicial immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial functions." Id. (quoting Burns v. Reed, 500 U.S. 478, 499 (1991)). In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are "functionally comparable" to those of a judge involving the exercise of discretion. Antoine v. Byers & Anderson, 508 U.S. 429, 436 (1993).

Here, Plaintiff names the Federal Receiver for CDCR's health care system. *See* Plata v. Schwarzenegger, et al., C01–1351–TEH (N.D.Cal. Jan. 23, 2008). Upon his appointment in 2008, "[t]he Receiver and his staff [were granted] the status of officers and agents of [the Plata Court], and as such [were] vested with the same immunities as vest with [the Plata ] Court." Id*;* (Doc. 6-2 at 9, 23). Those judicial immunities extend to immunity from suit. *See* Pierson v. Ray*,* 286 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ...."). *See also* Coleman v.. Schwarzenegger, 2007 WL 4276554 (E.D.Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" had judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco*,* 502 U.S. 9, 11 (1991). There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity"; and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." *See id.* at 11–12.

Though the allegations against the Receiver are scant, it appears that the Receiver made a decision that precluded Plaintiff from receiving the designation which would make him eligible for ADA accommodations. (Doc. 1 at 3) However, this decision is one taken in the capacity of the Receiver and is within the Receiver's authority to issue. Thus, the Receiver is entitled to the protections of quasi-judicial immunity and the complaint as to this Defendant is **DISMISSED**.

V. **Leave to Amend**

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV.   CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED with leave to amend**;

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **May 3, 2013**                      **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE